MERRICK & WEBSTER vs. GREELY & GALE.

1. An amendment of the statement of the cause of action, in a proceeding against a boat, which does not change the cause of action, will not release the securities in the bond given to release the boat.

2. The securities are bound to take notice of the amendment.

APPEAL from the St. Louis Court of Common Pleas.

TODD, *for Appellants, contended:*

1st. The liability of securities is *strictissimi juris*, and never to be extended; any change by a creditor, discharges the sureties of his debtor, even though such change be for the benefit of the sureties.    10 J. R. p. 180, Myers vs. Edge; 7 Term Rep. p. 250; 9 Bing. 400; 8 Wend. Rep. 516; Ludlow vs. Simond, 2 Caine's Cases p. 1, 29, and 30.    This amendment would discharge bail.    Lake vs. Silk, 3 Bing. 297; Manesty vs. Stevens, 9 Bing. 400-4; Hals. R. 97; Theobald on Surety and Agency, p. 155; 1 Pick. Rep. p. 452; 17 Mass. Rep. p. 591-603.

2d. The demand of the amended complaint, is different from and is a change of the demand of the original complaint; in the one case it is the personal debt of A. Osburn; in the other, not.

3d. The 2d section of the act supplementary to the act concerning boats and vessels, passed February 12, 1839, and to be found on page 13 of the Laws of 1838-9, under which judgment in this case was rendered, is violative of the constitution of Missouri, and of the United States, sec. 8, of art. 13 of Constitution of Missouri; art. 5 and 7 of Amendments of the Constitution of the United States; 4 Monroe Rep. p. 42; 2 Pet. R. 492 and 525; 1 Howard's Miss. Rep. p. 102 and 105; 3 do. p. 62, 65. The sureties cannot come in and defend, §7 R. C. 1835, p. 103.

This is a suit at common law, as is every suit brought in a court of common law, and governed by its rules of practice. 1 Mo. Rep. p. 172 of new publication; 3 Pet. Rep. 446-7. Again, the obligation of these securities is of a common law character, it being under an instrument of common law nature, validity, interpretation and effect.

Also, it is contrary to every principle of justice that a judgment should be rendered against a party not in Court. Caldwell vs. Lockridge, 9 Mo. Rep. 362. A party is entitled to a day in Court, as the old phrase has it, before he can be made a subject of its judgments. He cannot be deprived of his property, or liberty, save by due course of law. Art. 5 of Amendments to the Constitution of U. States.

FIELD, *for the Appellees*, contended:

1. That supposing the amendment material, it did not change the cause of action so as to discharge the sureties. See Ball vs. Claflin, 5 Pick. 303; Miller vs. Clark, 8 ib. 412; Lord vs. Clark, 14 ib. 224; Hinershoff vs. Miller, 2 J. R. 295.

See also as to amendments in general, 10 N. H. Rep. 438, particularly opinion of Parker, C. J. It will be observed that defendant went to trial on particulars furnished under old declaration.

2. That the amendment was wholly immaterial, and the statement of any person on whose account this demand accrued, was mere surplusage. Compare the boat law of 1835, §1 and 4, with the law as amended in 1839, and particularly the phraseology of 3d subdivision of §1 of the law of 1839.

SCOTT, J., *delivered the opinion of the Court.*

Greely & Gale filed a complaint under the statute concerning boats and vessels, against the steamboat Mound City, for materials furnished. Merrick & Webster became the surities in the bond given by the agent of the boat, conditioned to satisfy the amount which should be adjudged to be owing and due to the plaintiffs.

The statement of the cause of action filed at the commencement of the suit, averred that the materials were furnished on account of A. Osburn, who was described as *"a part owner and husband of said boat."* At a subsequent term, leave was obtained to amend the complaint of the plaintiffs, by striking out the words above, descriptive of the person at whose instance the materials were furnished, and inserting in lieu thereof, *"Agent of the owners of said boat."* On the trial there was a verdict and judgment for the plaintiffs against the boat, and judgment was also

entered against the sureties. On account of the above amendment, and for want of notice of the proceedings, the sureties contended that they were discharged, and the Court having overruled a motion discharging them, they appealed to this Court.

We do not see how the amendment affected the securities. No new cause of action was introduced by it. The bill of particulars in the cause was not at all changed. Their liability to the plaintiffs was not in any wise varied by it. Nor was any contract that might be existing between the securities, and those at whose instance they entered into it, affected by the amendment. The amendment was purely formal, not varying the recovery, and we are utterly at a loss to see how it injured the appellants.

The appellants had a right to make an amendment, and if it is made without injury to the securities, on what ground can they complain. The principles on which amendments in cases like the present are allowed, are clearly stated in the cases of Seely vs. Brown, 14 Pick. 177, and Ball vs. Claflin, 5 Pick. 303. These cases maintain that when no new cause of action is introduced by an amendment, and the liability of bail is not affected by it, it is always allowable.

There is nothing in the objection that the plaintiffs had no notice of the proceeding. The suit had been commenced when they entered into the bond; and binding themselves to pay the money which might be adjudged to the plaintiffs, they had all the notice that could be reasonably required; and under the circumstances the statute must have contemplated that they should take notice of the proceedings.

The other Judges concurring, the judgment will be affirmed.