CHILDS AND CHILDS, Defendants in Error, *vs.* SHANNON'S ADMINISTRATOR, Plaintiff in Error.

1. A. commenced a suit against a steamboat, under the Boat and Vessel act. B., the owner of the boat, as principal, and C and D as sureties, bonded the boat. Pending the suit, B. died. After judgment against the boat, on motion, a judgment was rendered

against B.'s administrator on the bond. The administrator was not made a party to the proceeding, nor did it appear from the record that he had any notice of it. *Held,* the judgment against the administrator is not *void,* and however erroneous it may have been, . no advantage can be taken of the error, except by a direct proceeding to reverse or set it aside.

*Error to St. Louis Circuit Court.*

The opinion of the court contains a sufficient statement of the facts.

*J. A. Kasson,* for plaintiff in error.

1. Judgment could not go against the administrator of the bondsman for damages adjudged against the boat. The authority for so rendering a judgment is purely statutory in any case, and it can only be rendered in a case within the statute, in terms. The case of the death of one of the bondsmen is not provided for. It is a *casus omissus.* Here, the death was before any liability had been incurred on the bond, and there was no debt against the intestate, at his death. He died before verdict rendered. The practice act does not supply the omission. Boat and Vessel act, secs. 9 and 21. Practice at Law, Art. 5, secs. 2 to 7 inclusive. Ib. sec. 20 and secs. 15 to 17 inclusive. 3 Yerg. 413.

. 2. But if judgment could be rendered against the administrator of a deceased bondsman in such a case, the administrator is a new party and entitled to notice or an opportunity to be heard. The whole proceeding, as to this administrator, was utterly void. *Harrington* v. *People,* 6 Barb. N. Y. Sup. Ct. Rep. 610. *Buckmaster* v. *Carlin,* 3 Scam. 104. *Smith* v. *Ross & Strong,* 7 Mo. 465. *Anderson* v. *Brown,* 9 Mo. 646. *Newson* v. *Lycan,* 3 J. J. Marsh, 440.

. 3. Parol evidence is inadmissible to supply the wants of the record. *Noyes* v. *Butler,* 6 Barb. Sup. Ct. Rep. 617.

4. There was an improper classification of the demand. It was not legally exhibited until the second year of the administration.

. *T. Polk,* for defendant in error.

The court will presume every thing to support the judgment of the court below, unless it is precluded by the entries on the record. If, therefore, a *scire facias* or a formal appearance was necessary, before a judgment could be rendered against the appellant, Woodruff, in the case of N. & D. J. Childs against the steamer Lamartine, this court will presume that one or the other of them existed. *Shumway* v. *Stillman*, 4 Cow. 296. The question here is, not whether error is apparent on the record of the judgment, but whether the judgment is *void*. However erroneous it may have been, the defendant could only take advantage of it by appeal or writ of error. Judgment rendered against a person after his death is not necessarily void, but only erroneous. *Warder* v. *Tainter*, 4 Watts, 278.

The testimony of Mr. Crockett and Mr. Polk shows that the administrator of Shannon did in fact appear in the action in place of his intestate. He will, therefore, not be allowed to dispute the validity of the judgment. 7 Mo. Rep. 162. *Starbuck* v. *Murray*, 5 Wen . 160. It may be objected that the record does not show that Woodruff was formally made a party. To this it may be replied, that it does not show that Shannon himself, in his life time, was a party. He was never served with process, and never entered his appearance.

But when suit is instituted against a boat, and persons come in and enter into bond approved by the clerk, as was that of Shannon, Wood, and Shaw, in this case, the statute enacts that such intervention shall justify a judgment against them, just as it authorizes judgments to be rendered, in an appeal case from a justice of the peace against the sureties in the appeal bond, as well as against the appellant. Although the boat is the party on the record as defendant, the judgment must be entered up, not against the boat, but against the bondsmen. Stat. of 1845, page 182, section 9, and page 185, section 21. Now, the liability on the bond, being one arising upon contract, does not die with the obligor, but survives against his administrator and follows his estate. But the statutory

provisions for bringing in the representatives of persons, who die while proceedings in court are pending against them, have reference only to defendants as parties to suits. Stat. of 1845, page 823. It is urged that no judgment could have been rendered against Shannon's administrator, even though brought into court. This objection might be permissible, if this were an appeal from the judgment so rendered. But as it is not, the only objection that can be made to it is, that it is void. The appellant cannot assign for error the admission of the evidence objected to by him, because the bill of exceptions does not show the specific grounds, nor any grounds of objection. *Cornelius* v. *Grant*, 8 Mo. Rep. 59. In any event, the evidence was admissible, as showing an appearance in fact by the administrator. It did not contradict the record, but, on the contrary, was perfectly consistent with it. The demand arising on the judgment was properly classified. Letters of administration were granted to Woodruff, on Shannon's estate, on the 15th of May, 1849, and the judgment against him was rendered on the 23d day of March, 1850, within a year.

SCOTT, Judge, delivered the opinion of the court.

1. This was a proceeding, begun in the Probate Court of St. Louis county, by the defendants in error, against the plaintiff in error, as administrator of A. Shannon, deceased, for the purpose of obtaining satisfaction of a judgment rendered in the Circuit Court of St. Louis county, against the plaintiff in error. The demand being recognized by the Probate Court, on the appeal to the Circuit Court, the judgment of the Probate Court was sustained, on which this writ of error was sued out. The defendants in error commenced suit in the Circuit Court of St. Louis county, against the steamboat Alphonso de Lamartine, which being seized, she was bonded by the intestate, A. Shannon, being one of the owners, as principal, and two others, as sureties. A judgment was rendered against the boat. Previous, however, to the rendition of the said judgment, the intestate, who had appeared and made defence for the boat,

died, and his death was suggested on the record. Afterwards, on motion, a judgment was rendered against the plaintiff in error, as the administrator of A. Shannon, deceased, and his two sureties. The administrator was not made a party to the proceeding, nor does it appear from the face of the record that he had any notice of the suit. This judgment is the foundation of the proceedings in the Probate Court, and the question is, whether it is a nullity, or whether it is voidable merely. If the judgment is void, it is clear that it may be regarded as a nullity, in a collateral proceeding, and the objection may be taken whenever it is produced in evidence for any purpose. But if it is voidable only, it will stand good until it is reversed or set aside by a direct proceeding for that object, instituted on the judgment itself, in the court in which it was rendered.

In the case of *Merrick & Webster* v. *Greeley & Gale*, 10 Mo. Rep. 106, it was decided by this court, that the sureties in a bond, given to release a boat seized under a complaint, were required by law to take notice of the proceedings against her, and that it was not necessary to give them notice of any step taken in the cause. Now an owner of a boat, who appears and makes defence for her, is no party to the suit. His office is like that of an attorney of a court of record. Had Shannon been alive, it would not have been necessary to have served him with notice of the motion for judgment on the bond. It will not be contended, that the death of Shannon discharged the bond. Now, if the merits of the judgment against the boat cannot be re-opened, in a proceeding on the bond, is it not a matter of perfect indifference whether the judgment is entered on a motion or in a suit on the bond? Is there not as much warrant in the boat law for the one course, as for the other? Had this question been propounded to the general assembly, is there any doubt but that they would have declared, that the judgment should be rendered against the administrator, on motion? Can we suppose, that the legislature would take from the hands of a creditor the boat which he had seized in

satisfaction of his demand, and substitute a bond therefor, and require him, after he had obtained judgment for his claim, to commence suit on the bond, in order to obtain satisfaction?

Here is a proceeding in the highest court of original jurisdiction known to our constitution and laws; it is pending for years; a judgment is pronounced, and now we are called upon to pronounce that proceeding an utter nullity, and regard it as though it had never taken place. *Interest reipublicæ ut sit finis litium*. The court unquestionably had jurisdiction of the subject matter of the suit. Whether notice should have been given, was a question of law; the court may have committed an error or irregularity in not requiring it, but it does not therefore follow that its proceedings are a nullity. It would be a strange state of things, if the judgments of the courts of the highest jurisdiction should be regarded as nullities for any error or irregularity in their proceedings. The party to whose prejudice an error has been committed, is not without redress. He may have the proceedings set aside, on motion, or he may sue out his writ of error. If these remedies are neglected, he cannot expect that the courts will treat as nullities, the judgments of the tribunals of the highest original jurisdiction known to the law. The case of the *Perpetual Insurance Company* v. *Rogers*, 11 Mo. Rep. 295, grew out of an irregular judgment of the Circuit Court of St. Louis, in a proceeding under the statute concerning boats. In that case, a judgment of condemnation, it appeared, had been pronounced against a boat without authority of law, and she was sold, notwithstanding she had been regularly bonded; yet, in an action of trespass against the party, this court held, that the procedure was not a nullity; that the judgment was the act of a court of general authority, having jurisdiction of the subject matter, and, as such, was a sufficient warrant for the execution under which the boat was sold.

The judgment being rendered against the administrator

within twelve months from the date of the letters, was properly placed in the fifth class.

The alleged errors in the proceedings in the case against the boat, cannot be reviewed on this writ of error. The other Judges concurring, the judgment will be affirmed.